IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MAFLEH AJEEL, )<br>)<br>Plaintiff, )<br>) Civil Action No.:<br>v. ) JURY TRIAL DEMANDED<br>)<br>MID GA HYDRAULICS, LLC, )<br>and SCOTT COULTER, )<br>)<br>Defendants ) | |

_____

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Mafleh Ajeel ("Plaintiff" or "Ajeel"), by and through undersigned counsel, and files this Complaint for Damages against Defendants Mid GA Hydraulics LLC ("Defendant Hydraulics") and Scott Coulter ("Defendant Coulter") (Defendants Mid GA Hydraulics LLC and Scott Coulter collectively referred to as "Defendants"), and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to recover damages for Defendants' unlawful retaliation against him in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981")

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendant Hydraulics resides and has its principal office in this District. Defendants are subject to jurisdiction in this Court. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is an African American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant Hydraulics is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant Scott Coulter resides in this District and is also subject to jurisdiction in this Court

6.

Defendant Hydraulics may be served with process by delivering a copy of the summons and complaint to its registered agent, Scott Coulter, at 2811 Waterville Rd. Macon, GA 31206.

## FACTUAL ALLEGATIONS

7.

Plaintiff began his employment with Defendants on or about February 5, 2021.

8.

Plaintiff was employed by Defendants, as that term has been defined by applicable law.

9.

Defendant Coulter was Plaintiff's direct supervisor and the owner of Defendant Hydraulics.

10.

During Plaintiff's employment, he was repeatedly subjected to racist treatment by his co-workers in the shop. For example, in early December 2021, Plaintiff's co-worker, Jamie (last name unknown) stated in front of Plaintiff that he

did not want Plaintiff getting any of his food because Jamie "is white" inferring that his food should not go to someone that is black.

11.

On Friday, February 11, 2022, Jamie finished working on a cylinder and hung it within the forklift to paint it black. In discussing the hanging cylinder with Jamie, another employee, Mark (last name unknown), intentionally made sure Plaintiff could overhear him and commented that Jamie should not hang the cylinder and instead should lie it down and exclaimed "aren't you tired of hanging black people."

12.

On Monday, February 14, 2022, Plaintiff had to leave work early because Jamie and Mark were bullying him.

13.

Before departing on Monday, Plaintiff told Carla (last name unknown), the office manager, that his co-workers were being racist and bullying him, and that he would use his vacation time to cover his time off, until Defendant Coulter returned to Georgia on Thursday.

14.

Meanwhile, Defendant Coulter and his wife, Lisa Coulter ("Mrs. Coulter") were apprised of the events taking place at the shop.

15.

Defendant Coulter asked for his wife's input and assistance with the matter. Mrs. Coulter contacted Plaintiff on Wednesday, February 16, 2022, and asked him to meet her at a Dunkin Donuts the next day.

16.

At the meeting, Plaintiff explained to Ms. Coulter how Mark and Jamie were being racist towards him, including informing her of the statement about hanging black people from the previous week. Mrs. Coulter explained how she and her husband were very upset with Jamie LNU and Mark LNU's behavior. Mrs. Coulter added, "We don't want you to go anywhere;" "you are like family;" "you are a nice person."

17.

Mrs. Coulter encouraged Plaintiff to go home, with pay, before saying she would fire both guys and "clean house."

18.

Mrs. Coulter told Plaintiff she would call him once she terminated both Jamie LNU and Mark LNU.

19.

Plaintiff was scheduled to come to work on Friday, February 18, 2022. When Plaintiff came into the shop, Defendant Coulter handed Plaintiff a letter stating he was being terminated for poor performance.

20.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, based on Plaintiff's protected activity.

21.

At all times relevant, Defendant Coulter has been the owner of Defendant Hydraulics.

22.

At all times relevant, Defendants were Plaintiff's "employers" pursuant to 42 U.S.C. § 1981.

23.

Defendant Coulter is involved in the day-to-day operations and has substantial operational control over Defendant Hydraulics, including, without

limitation, the policies governing individuals employed in the same capacity as Plaintiff.

24.

Defendant Coulter had the power to hire and fire employees, including, without limitation, individuals employed by Defendant Hydraulics, in the same capacity as Plaintiff.

25.

Defendant Coulter's alleged reason for terminating Plaintiff's employment is pretext for unlawful retaliation against Plaintiff's engagement in protected activity.

26.

As a result of Defendants' retaliation, Plaintiff has suffered damages, including lost wages and emotional distress.

**CLAIMS FOR RELIEF**

**COUNT I: RETALIATION IN VIOLATION
OF 42 U.S.C. § 1981**

27.

Plaintiff incorporates the preceding allegations as if set forth fully herein.

28.

Plaintiff is African American and black in color.

29.

Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendants, and Defendants compensated Plaintiff for work.

30.

Plaintiff performed his contractual obligations.

31.

42 U.S.C. § 1981 prohibits Defendants from retaliating against Plaintiff for engaging in protected activity.

32.

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981 by terminating him in retaliation for his protected activity.

33.

Plaintiff's complaints and opposition to racist conduct constitute protected activity under 42 U.S.C. § 1981.

34.

Defendants subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was

subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

35.

There was a causal connection between the protected conduct and the adverse action of termination.

36.

As a direct and proximate result of Defendants' violations, Plaintiff suffered economic and non-pecuniary damages.

37.

Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

38.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

Respectfully submitted, this 15th day of March 2022.

**BARRETT & FARAHANY**

<u>/s/ V. Severin Roberts</u>
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

PO BOX 530092
Atlanta, GA 30343-0092
T: (404) 214-0120
F: (404) 214-0125
severin@justiceatwork.com